,IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. **3:14-CV-1373-L** |
| | § | |
| **STEVEN BORG, a/k/a Steve Borg,** | § | |
| | § | |
| Defendant. | § | |

## **MEMORANDUM OPINION AND ORDER**

Before the court is the United States' Motion for Default Judgment, filed July 30, 2014. After careful consideration of the motion, appendix, record, and applicable law, the court **grants** the United States' Motion for Default Judgment.

**I.   Background**

The United States ("Plaintiff") filed Plaintiff's Original Complaint ("Complaint") on April 15, 2014, against Steven R. Borg ("Defendant" or "Borg"). This action arises from the failure of Borg to make the required payments on a consolidation loan he obtained in June 2002. The loan was disbursed for $49,513.02 on July 5, 2002, at a rate of 06.875% interest per annum. The loan was secured by a promissory note. After demand of payment by the United States, Borg defaulted on the loan on January 23, 2006.

Borg was served with a copy of the summons and Complaint on June 25, 2014. Defendant was required to answer or otherwise respond to the Complaint by July 16, 2014, 21 days after service of the summons and Complaint. *See* Fed. R. Civ. P. 12. To this date, Borg has not answered or otherwise responded to the Complaint.

**Memorandum Opinion and Order – Page 1**

On July 24, 2014, the United States requested the clerk of court to enter a default against Borg, and the clerk made an entry of default against Borg on the same day. Plaintiff now requests the court to enter a default judgment against Borg and award it damages and applicable interest as a result of his default.

## II.     Discussion

A party is entitled to entry of a default by the clerk of the court if the opposing party fails to plead or otherwise defend as required by law. Fed. R. Civ. P. 55(a). Under Rule 55(a), a default must be entered before the court may enter a default judgment. *Id.*; *New York Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996). The clerk of court has entered a default against Borg. The court also finds, based upon the information in the record, that Defendant is not a minor, incompetent person, or member of the United States military.

Borg, by failing to answer or otherwise respond to Plaintiff's Complaint, has admitted the well-pleaded allegations of the Complaint and is precluded from contesting the established facts on appeal. *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975) (citations omitted). Based on the well-pleaded allegations of Plaintiff's Complaint, which the court accepts as true, and the record in this action, the court determines that Borg is in default and that the United States is entitled to a default judgment and appropriate damages.

Based on the record, the total amount that Borg owed the United States as of February 27, 2014, was $93,584.32 ($58,172.94 in principal and $35,411.38 in interest). Interest accrues on the principal ($58,172.94) at the rate of $10.95 per diem. The number of days from February 27, 2014, to November 21, 2014, is 267, which results in additional interest in the amount of $2,923.65. Therefore, the total amount of judgment to which the United States is entitled is **$96,507.97**.

### III.     Conclusion

For the reasons herein stated, the court **grants** the United States' Motion for Default Judgment, and Plaintiff is entitled to and shall recover from Defendant the amount of **$96,507.97**. The court will enter judgment by separate document, as required by Federal Rule of Civil Procedure 58, in the amount stated in favor of the United States.

**It is so ordered** this 21st day of November, 2014.

_____
Sam A. Lindsay
United States District Judge

**Memorandum Opinion and Order – Page 3**